IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) Case 8:13-cv-00311-VMC-MAP |
| Tyree Middleton, | ) |
| Defendant. | ) |

### Stipulated Order for Injunction

The United States seeks a permanent injunction against defendant Tyree Middleton ("Middleton") under Internal Revenue Code (I.R.C., 26 U.S.C.) §§ 7402, 7407, and 7408. Specifically, the United States seeks to prevent Middleton from preparing federal tax returns, amended returns, and other related documents and forms for others; engaging in any activity subject to penalty under 26 U.S.C. § 6694, 6695, or 6701; engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; aiding and assisting in the preparation of federal tax returns that result in the understatement of any tax liability or the overstatement of federal tax refunds; and representing anyone before the IRS or claiming to be an enrolled agent.

Without admitting any of the allegations in the Complaint, Middleton consents to entry of an injunction for a period of fifteen (15) years commencing on **12/10/2013** and expiring on **12/10/2028**, without further notice and agrees to be bound by its terms. Middleton also understands that this injunction will remain in place until **12/10/2028**, absent further court order. Middleton further understands and agrees that the Court will retain jurisdiction over this matter

{27592968;1}

for the purpose of implementing and enforcing this injunction and understands that if he violates this injunction, he may be subject to civil and criminal sanctions for contempt of court.

The parties agree that entry of this Stipulated Injunction and Order resolves only this civil action, and neither precludes the government from pursuing any other current or future civil or ciminal matters or proceedings, nor precludes Middleton from contesting his liability in any matter or proceeding.

Nothing herein shall preclude the United States from sending a copy of the Stipulated Injunction and Order, as entered by the Court and filed in the public record, to Middleton's customers.

The United States is permitted to engage in post-judgment discovery to ensure Middleton's compliance with this Stipulated Injunction and Order.

THEREFORE, the Court ORDERS that Middleton, for a period of fifteen (15) years commencing on 12/10/2013 and expiring on 12/10/2028, is enjoined from directly or indirectly:

(1)   engaging in any conduct subject to penalty under 26 U.S.C. § 6694;

(2)   engaging in any conduct subject to penalty under 26 U.S.C. § 6695;

(3)   acting as a federal tax return preparer or requesting, assisting in, or directing the preparation of federal tax returns, amended returns, or other related documents for any person other than himself;

(4)   engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws;

(5)   misrepresenting his eligibility to practice before the IRS or otherwise misrepresent his experience or education as a tax return preparer; and

(6)   engaging in conduct subject to penalty under 26 U.S.C. § 6701, *i.e.*, assisting others in the preparation of any tax returns, forms, or other documents to be used in connection with any material matter arising under the internal revenue laws and which they know will (if so used) result in the understatement of income tax liability.

Middleton, under 31 C.F.R. § 10.8(a) and (c), is subject to the duties and restrictions relating to practice and to sanctions contained in 31 C.F.R. Subtitle A, Part 10, Subparts B and C respectively. Accordingly, this Court orders that:

Entry of this Stipulated Order for Injunction shall be deemed a consent by Middleton to be sanctioned, without further proceedings, under 31 C.F.R. §§ 10.50(a) and (b); and 10.61(b);

Middleton consents, without further proceedings, to immediate revocation of any Preparer Tax Identification Number (PTIN) that is held by, or assigned to, Middleton under 26 U.S.C. § 6109;

Middleton consents, without further proceedings, to immediate revocation of any Electronic Filing Identification Number held by, or assigned to, Middleton; and

Middleton consents to, without further proceedings, suspension from practice, as that term is defined in 31 C.F.R. § 10.2(a)(4), before the Internal Revenue Service in any capacity and that the procedures contained in 31 C.F.R. § 10.79 and 10.81 shall apply to any future petition for reinstatement.

Each party shall bear its own costs and attorneys' fees.

SO ORDERED.

Dated: December 18, 2013

The Hon. Virginia Hernandez Covington
United States District Judge

{27592968;1}                                          3

Dated: 12/10/13     _____
                    Tyree Middleton

Dated: 12/16/2013   _____
                    Jason Margolin
                    Akerman LLP
                    Florida Bar No. 69881
                    401 E. Jackson Street
                    Suite 1700
                    Tampa, FL 33602-5250
                    813-209-5009
                    Jason.Margolin@akerman.com
                    Attorney for Tyree Middleton

Dated: 12/16/13     _____
                    Michael R. Pahl
                    Trial Attorney, Tax Division
                    Minn. Bar. No. 0234539
                    U.S. Department of Justice
                    Post Office Box 7238
                    Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 514-6488
                    Attorney for the United States

{27592965;1}                    4